IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3159-FL

| | | |
|---|---|---|
| JOEY DUANE SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| REUBEN F. YOUNG AND ROBERT C. LEWIS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a state inmate, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the court for frivolity review pursuant to 28 U.S.C. § 1915. Also before the court are plaintiff's motion for a temporary restraining order (DE # 5) and motion for entry of default (DE # 8).

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks

an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

Plaintiff brings this action against defendant Secretary of the Division of Prisons Reuben F. Young and Director of the Division of Prisons Robert C. Lewis (collectively referred to as "defendants"), alleging that the ten dollar ($10.00) administrative fee imposed on inmates found guilty of a disciplinary infraction is unconstitutional. Courts, however, have found that the administrative fee assessed under these circumstances is not unconstitutional.[1] See Cassell v. Norris, No. 5:02-CT-943-H (E.D.N.C. Apr. 18, 2003), aff'd, 84 F. App'x 291 (4th Cir. 2003) (per curiam); Rinehart v. Beck, No. 5:09-CT-3019-D, 2011 WL 52360 at *3 (E.D.N.C. Jan. 5, 2011), aff'd, 441 F. App'x 148 (4th Cir. Aug. 1, 2011); see also, Bell v. Wolfish, 441 U.S. 520, 547 (1979) (stating prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security"). Thus, this claim is DISMISSED as frivolous.

Plaintiff also challenges the validity of his August 23, 2005, criminal conviction. To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of

---

[1] To the extent plaintiff also challenges the Division of Public Safety's medical co-payment policy, this claim also is not actionable under § 1983. See City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 (1983); Husketh v. Beck, No. 5:02-CT-465-H (E.D.N.C. Aug. 26, 2002), aff'd, 55 F. App'x 157 (4th Cir. 2003); Tuck v. Director, No. 7:11CV00450, at * 7(W.D. Va. July 13, 2012) ("So long as an inmate is not denied medical treatment merely because he cannot pay for the full cost of that care, the state's decision to charge him a portion of that cost is a matter of state law, not actionable under § 1983").

2

habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Rankin v. Cranford, No. 5:03CV99-2-V, 2005 WL 3279983, *3 (W.D.N.C. Apr. 11, 2005) (finding that claims predicated upon having been illegally investigated, prosecuted, and convicted are barred pursuant to Heck), aff'd, 142 F. App'x 166 (4th Cir. Aug. 25, 2005). Because plaintiff's conviction has not been reversed, expunged, declared invalid, or called into question, he is unable to meet the Heck requirements, and the court DISMISSES this claim without prejudice for failure to state a claim.[2]

Finally, to the extent plaintiff is attempting to challenge any particular disciplinary conviction, he has not provided any factual support for his claim. Accordingly, he has failed to state a § 1983 claim.[3] White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (stating minimum level of factual support required). Thus, this claim is DISMISSED without prejudice as frivolous.

In summary, plaintiff's action is DISMISSED as frivolous. The court dismisses plaintiff's claim challenging his prior conviction without prejudice. Because the court dismissed this action as frivolous, plaintiff's motion for a temporary restraining order (DE # 5) and motion for entry of default (DE # 8) are DENIED as moot.

SO ORDERED, this the 6th day of February, 2013.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge

---

[2] The court notes that this claim also likely is time-barred.

[3] The court notes that plaintiff makes random allegations in his motion for a temporary restraining order. Plaintiff, however, has not amended his complaint to include these allegations. Thus, the court does not construe these allegations as part of plaintiff's complaint. See United States v. Jones, 842 F.2d 1293, at *1 (4th Cir. 1988) ("Even under liberal rules of interpretation, a court should not be required to amend a complaint sua sponte every time a pleading is filed which arguably raises a new claim.")

3