IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3159-FL

| | |
|---|---|
| JOEY DUANE SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| REUBEN F. YOUNG AND ROBERT C. LEWIS, | ) |
| | ) |
| Defendant. | ) |

This matter comes before the court on plaintiff's unopposed motion for relief from the court's February 8, 2013, judgment pursuant to Federal Rule of Civil Procedure 60(b) and motion to appoint counsel (DE 11). In this posture, the issues raised are ripe for adjudication.

Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing party will not suffer prejudice by having the judgment set aside. See Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266. Rule 60(b)'s six enumerated grounds for relief include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence;

(3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, or discharge of a judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

One of Rule 60(b)'s threshold requirements is that the movant demonstrate a meritorious claim or defense. The court first addresses plaintiff's allegation that nonparty Nancy Crider ("Crider"), an accountant at Albemarle Correctional Institution, misused funds that plaintiff received from his family on March 8, 2013. Given the fact that plaintiff's misappropriation of funds claim arose on March 8, 2013, plaintiff did not raise this claim in his original action filed on August 10, 2012, and may not now raise a new claim as a basis for a Rule 60(b) motion. See United States v. Winfield, No. 2:95CR193, 2:–CV386, 2000 WL 34342565, at *7 (E.D. Va. Mar. 17, 2000) ("Winfield's Rule 59(e) motion is an improper attempt to . . . raise new claims."); see also Calvary Christian Ctr. v. City of Fredericksburg, Va., 710 F.3d 536, 539 (4th Cir. 2013). Further, even if plaintiff could raise new claims in a Rule 60(b) motion, the claims arising subsequent to the complaint would be subject to dismissal for failure to exhaust administrative remedies. See 42 U.S.C. § 1997e(a).

The court next addresses plaintiff's contention that the administrative fees imposed for his disciplinary convictions or for his medical co-payments, violates his rights to access to courts.[1] In

---

[1] To the extent plaintiff challenges the collection of the filing fee in this action, he is not entitled to relief. The Fourth Circuit addressed the collection of inmate filing fee payments, pursuant to 28 U.S.C. § 1915(b)(2), in Torres v. O'Quinn, 612 F.3d 237 (2010). There, the court held that 28 U.S.C. § 1915(b)(2) caps the amount of funds that may be withdrawn from an inmate's trust account at a maximum of twenty (20) percent regardless of the number of cases or appeals the inmate has filed. Torres, 612 F.3d at 252. The remedy for a violation of Torres is an abatement in the collection of filing fees from an inmate's trust account. Id. at 253. A review of the court's docket in this case reveals that no funds have been deducted from plaintiff's inmate trust account to pay the filing fee here since the payment of one dollar on September 24, 2012. Accordingly, plaintiff is not entitled to an abatement of the filing fee because it is not being collected.

2

order to state a claim for denial of access to the courts, the inmate must show actual injury or that a defendant's conduct hindered his efforts to pursue a legal claim. See, e.g., Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). The Supreme Court held in Lewis that inmates must be provided "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Lewis, 518 U.S. at 351 (quotation omitted). The right to access the courts extends to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. Id. at 354-55. The actual injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or impeded." Id. at 353. The Court did not extend the holding to include the right to "litigate effectively once in court." Id. at 354 (disclaiming language in Bounds v. Smith, 430 U.S. 817, 825 (1977), suggesting otherwise).

In this case, plaintiff alleges that the fees at issue interfere with his ability to make photocopies, to purchase paper, and to purchase stamps which "significantly impedes/hinders [his] ability to (meaningfully) and (promptly) litigate . . . . this case and others." See (DE 5, p. 4). However, the constitution does not guarantee the ability to litigate effectively. See Lewis, 518 U.S. at 356 ("In other words, Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequence of conviction and incarceration.") Based upon the foregoing,

3

the court finds that plaintiff has not alleged any actual injury, and thus fails to state a claim for denial of access to the courts.

The court now turns to its dismissal of plaintiff's challenge to his disciplinary convictions. In its February 8, 2013, order, the court dismissed plaintiff's claim arising out of his challenge to his disciplinary convictions for failure to provide factual support. Plaintiff, however, in his motion for reconsideration provided additional facts in support of this claim. (DE 14, p. 7.) Given plaintiff's *pro se* status and the fact that the action was dismissed before defendants were served, the court finds that plaintiff has satisfied the three threshold conditions for relief pursuant to Rule 60(b). The court further finds that justice requires that the court reopen the action and allow plaintiff to proceed with his claim arising out of his February 27, 2008, and May 19, 2010, disciplinary convictions.

As for the remainder of plaintiff's motion for reconsideration, the court finds that there are no errors affecting plaintiff's substantial rights. Moreover, plaintiff's attempt to re-litigate the issues already decided by the court is not appropriate. See CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995) (per curiam) (quoting United States v. Williams, 674 F.2d 310, 313 (4th Cir. 1982)); Saunders v. City of Petersburg Police Dept., No. 05-2240, 2005 WL 3542461, at *1 (4th Cir. Dec. 28, 2005) (per curiam) (stating "Rule 60(b) may not be used to re-litigate claims already decided by the court"). Thus, with the exception of plaintiff's claims arising out of his two disciplinary convictions, plaintiff has not met the threshold requirements to proceed with a Rule 60(b) motion and the remainder of his Rule 60(b) motion is DENIED.

The court now turns to plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se

4

civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's action is not complex, and he has demonstrated through the detail of his filings that he is capable of proceeding *pro se*. As such, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration (DE 11) is GRANTED IN PART AND DENIED IN PART. Plaintiff's motion is GRANTED as to plaintiff's challenge to his February 27, 2008, and May 19, 2010, disciplinary convictions. The remainder of the motion is DENIED. Plaintiff's motion to appoint counsel (DE 11) is DENIED. The Clerk of Court is DIRECTED to re-open this action. Defendants have sixty (60) days from service of the complaint to file their answer, and the court DIRECTS the Clerk of Court to serve a copy of this order together

5

with the complaint and summons on each defendant. The court also DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

    SO ORDERED, this the 23rd day of January, 2014.

                                          LOUISE W. FLANAGAN
                                          United States District Judge