IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3159-FL

| | |
|---|---|
| JOEY DUANE SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| REUBEN F. YOUNG AND ROBERT ) | |
| C. LEWIS, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on plaintiff's unopposed motion for reconsideration (DE 17) pursuant to Federal Rule of Civil Procedure 54(b) and motion to amend (DE 19). In this posture, the issues raised are ripe for adjudication.

**BACKGROUND**

On August 10, 2012, plaintiff filed this action pursuant to 42 U.S.C. § 1983 against defendants the Secretary of the Division of Prisons Reuben F. Young and the Director of the Division of Prisons Robert C. Lewis, challenging the constitutionality of the ten dollar ($10.00) administrative fee imposed on state inmates found guilty of a disciplinary conviction. Plaintiff also challenged the validity of his August 23, 2005, criminal conviction as well as unidentified disciplinary convictions. On February 8, 2013, the court entered an order dismissing as frivolous plaintiff's challenge to the administrative fees charged for disciplinary convictions. The court also dismissed without prejudice plaintiff's challenge to his criminal conviction. Finally, the court

dismissed without prejudice plaintiff's challenge to any particular disciplinary conviction for lack of factual support.

Following the court's dismissal of this action, plaintiff filed a motion for reconsideration of the court's February 8, 2013, judgment pursuant to Federal Rule of Civil Procedure 60(b). Plaintiff sought reconsideration of the court's dismissal of his challenge to the administrative fees and his challenge to his disciplinary convictions. Additionally, as part of his motion, plaintiff attempted to raise an access to courts claim, as well as a new claim against nonparty Nancy Crider ("Crider"), an accountant at Albemarle Correctional Institution, alleging that Crider misused funds plaintiff received from his family on March 8, 2013.

On January 23, 2014, the court issued an order ruling on plaintiff's Rule 60(b) motion. First, the court determined that plaintiff could not raise his new misuse of funds claim against Crider for the first time in his Rule 60(b) motion. The court further determined that such claim would be subject to dismissal for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a) because it arose subsequent to the date plaintiff filed this action. The court further determined that plaintiff was not entitled to relief for his claim challenging the administrative fee or his access to courts claim. The court, however, granted plaintiff's Rule 60(b) motion as to his claim arising out of his February 27, 2008, and May 19, 2010, disciplinary convictions on the grounds that plaintiff provided sufficient factual support for these claims. The court denied the remainder of plaintiff's Rule 60(b) motion.

On February 3, 2014, plaintiff filed a motion for reconsideration of the court's January 23, 2014, order. In particular, plaintiff requested that the court reconsider its refusal to allow plaintiff to assert a new claim against Crider in his Rule 60(b) motion. Plaintiff also requested that the court

2

reconsider its disposition of his access to court's claim. Plaintiff next filed a motion to amend his complaint.

## DISCUSSION

A.      Motion for Reconsideration

Pursuant to Rule 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-515 (4th Cir. 2003) (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991)).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Rather, the resolution of such motion is "committed to the discretion of the district court." Id. at 515. As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

3

Here, plaintiff asks the court to reconsider its denial of his request to bring both misuse of funds and access to courts claims against Crider in his Rule 60(b) motion. As part of his argument, plaintiff appears to acknowledge that he could not bring these new claims in his Rule 60(b) motion, but now states that his new claims are related to his original claims and requests permission to amend his complaint to include his misuse of funds and access to courts claims against Crider. Plaintiff also requests permission to demonstrate that he has exhausted his administrative remedies for his new claims.

The court recognizes that plaintiff may amend his complaint pursuant to Federal Rule of Civil Procedure 15(a). The court further finds it appropriate to allow plaintiff the opportunity to demonstrate that he has exhausted his administrative remedies for his new claims. Accordingly, the court allows plaintiff the opportunity to amend his complaint to clearly set forth his claims. Because the court allows plaintiff the opportunity to properly allege his claims in an amended complaint, the court DENIES plaintiff's motion for reconsideration.

B.   Motion to Amend

Plaintiff filed a motion to amend his complaint on February 14, 2014, prior to the court's ruling on his motion for reconsideration. As part of its ruling on plaintiff's motion for reconsideration, the court is permitting plaintiff the opportunity to amend his complaint. See Fed. R. Civ. P. 15(a). As for plaintiff's February 14, 2014, amended pleading, the court finds that defendants will encounter difficulty in discerning from the several filings in this case exactly what claims plaintiff is stating and against whom. Accordingly, plaintiff is ordered to file one single amended complaint. Plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain

4

. . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Plaintiff is on notice that any amended pleading will constitute the complaint in its entirety, and the court will not review plaintiff's other filings to glean any misplaced claims. Additionally, should plaintiff seek to include, in his amended pleading, a claim against Crider arising out of her alleged misappropriation of his funds on March 8, 2013, plaintiff is DIRECTED to submit proof that he exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a) for such claim. See Woodford v. Ngo, 548 U.S. 81, 83-85 (2006) (stating that 42 U.S.C. § 1997e(a) requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement). Finally, the court will review any amended complaint to determine whether severance of plaintiff's claims is appropriate. See Fed.R.Civ.P. 18(a), 20(a)(2). Based upon the foregoing, plaintiff's February 14, 2014, motion to amend is DENIED as moot.

## CONCLUSION

In summary, plaintiff's motion for reconsideration (DE 17) is DENIED and plaintiff's motion to amend (DE 19) is DENIED as moot. Plaintiff is DIRECTED to file his amended pleading within fourteen (14) days of this order. The court thereafter will conduct a frivolity review of plaintiff's amended pleading pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED, this the 21st day of April, 2014.

LOUISE W. FLANAGAN
United States District Judge

5

Case 5:12-ct-03159-FL   Document 31   Filed 04/21/14   Page 5 of 5