IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3159-FL

| | | |
|---|---|---|
| JOEY DUANE SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| REUBEN F. YOUNG and ROBERT C. LEWIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on plaintiff's unopposed motions for a preliminary injunction, which this court construes as motions for temporary restraining orders (DE 37, 41). In this posture, the issues raised are ripe for adjudication.

Plaintiff requests injunctive relief in the form of a court order requiring the North Carolina Department of Public Safety to provide him photocopying services or to provide him with sufficient postage to send his legal documents to family members for photocopying. Because defendants have not yet been served, the court construes plaintiff's motion for injunctive relief as a request for a temporary restraining order.[1] See Watson v. Garman, No. 7:12-cv-00037, 2012 WL 664066, at *1 (W.D. Va. Feb. 29, 2012) (construing motion for a preliminary injunction as one for a temporary restraining order where the defendants have not yet been served). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order: (1)

---

[1] The court notes that a temporary restraining order is governed by the same general standards as the issuance of a preliminary injunction. See Hoechst Diafoil v. Nan Ya Plastics Corp., 174 F.3d 411, 422 (4th Cir. 1999).

that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Plaintiff, in this case, failed to demonstrated that he likely is to succeed on the merits. Plaintiff additionally has not alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted, particularly in light of the fact that prison officials have informed plaintiff that he can use carbon paper to make photocopies. (Pl.'s Mot. (DE 37) Attach.); see Ladeairous v. Pearson, No. 3:12cv307, 2013 WL 5962932, at *3 (E.D. Va. Nov. 6, 2013) (finding that prisoners do not have a right to free photocopies to use in lawsuits) (citations omitted), aff'd, 553 F. App'x 298 (4th Cir. 2014); Kokoski v. Felts, No. 5:07-cv-39, 2007 WL 2750677, at *1 (S.D. W. Va. Sept. 19, 2007) (citing Johnson v. Moore, 948 F.2d 517, 521 (9th Cir.1991)). Plaintiff, alternatively, could handwrite any copies he wishes to make. See id.; Carroll v. North Carolina Dep't of Corrections, No. 91-7562, 1991 WL 158146 *1 (4th Cir. August 20, 1991) (pro se prisoners may handwrite legal papers to submit for submission to the court). Further, the public interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. See Florence v. Board of Chosen Freeholders of County of Burlington, __U.S.__, 132 S.Ct. 1510, 1517 (2012). Accordingly, plaintiff has not demonstrated that his request for a preliminary injunction is in the public interest, and the balance of equities is in favor of defendants. Based upon the foregoing, plaintiff's motions are DENIED.

The court notes that plaintiff's motions for injunctive relief were not construed to state any legal claims. Rather, plaintiff must allege his legal claims in a properly filed amended complaint.

2

Case 5:12-ct-03159-FL   Document 44   Filed 06/19/14   Page 2 of 3

Plaintiff has not yet complied with this court's April 21, 2014, order directing him to amend his complaint, which delay apparently is due to plaintiff's assertions regarding his inability to make photocopies. As a result, plaintiff is DIRECTED to file his amended complaint within ten (10) days of this court's order. The court further DIRECTS plaintiff to file his amended complaint on the appropriate form. To further facilitate the adjudication of this action, the court relieves plaintiff of the obligation to provide more than one copy of his amended complaint or to serve defendants with copies of his filings as they have access to any documents plaintiff files through CM/ECF.

Plaintiff is again reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Furthermore, plaintiff is reminded that he may allege only those claims for which he exhausted his administrative remedies prior to the date he filed this action on August 10, 2012. See 42 U.S.C. § 1997e(a). Should plaintiff allege any claims arising subsequent to August 10, 2012, such claims will be dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a).

For the foregoing reasons, plaintiff's motions for a temporary restraining order (DE 37, 41) are DENIED. Plaintiff must file his amended complaint within ten (10) days of this court's order. The Clerk of Court is DIRECTED to send plaintiff the form necessary to file his amended complaint. SO ORDERED, this the 19th day of June, 2014.

LOUISE W. FLANAGAN
United States District Judge