IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3159-FL

| | |
|---|---|
| JOEY DUANE SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| REUBEN F. YOUNG, ROBERT C. | ) |
| LEWIS, and FRANK L. PERRY, | ) |
| | ) |
| Defendant. | ) |

Plaintiff filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. After the court's frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B) on October 7, 2014, plaintiff's sole remaining claim is his challenge to a May 19, 2010, disciplinary conviction. The matter now comes before the court on plaintiff's unopposed January 5, 2015, "memorandum of law supporting an order for contempt" (DE 65), motion to amend (DE 67), and motion for injunctive relief (DE 68). In this posture, the issues raised are ripe for adjudication.

The court begins with plaintiff's motion for injunctive relief. Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor;

and (4) that an injunction is in the public interest. <u>Winter v. Natural Resources Defense Council, Inc.</u>, 555 U.S. 7, 20 (2008).

Here, plaintiff has not demonstrated that he likely is to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Finally, plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest or that the balance of equities tips in his favor. Accordingly, plaintiff's motion and supplemental motions for a temporary restraining order are DENIED.

The court now turns to plaintiff's "memorandum of law supporting an order for contempt" and motion to amend his complaint. Plaintiff's pleadings are not a model of clarity and the court is unsure what relief plaintiff seeks in his "memorandum of law supporting an order for contempt." To the extent plaintiff seeks to add new claims with his memorandum, he has not complied with Federal Rule of Civil Procedure 15(a), which requires a party to file a motion to amend to assert any new claims. As for plaintiff's actual proposed amended complaint, plaintiff's pleading is confusing and difficult to follow. Based upon the foregoing, the court DENIES without prejudice plaintiff's motions and directs plaintiff to assert any supplemental allegations or claims in <u>one</u> amended pleading.

Plaintiff's amended complaint must connect the named defendants with the alleged conduct which resulted in the alleged constitutional violation. Further, plaintiff is reminded that his amended complaint must comply with Federal Rule of Civil Procedure 8, which provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Finally, plaintiff is on notice that the

2

court will review plaintiff's amended complaint to determine whether severance of any claims is appropriate. See Fed. R. Civ. P. 18(a), 20(a)(2).

In summary, plaintiff's "memorandum of law supporting an order for contempt" (DE 65), and motion to amend (DE 67) are DENIED without prejudice. Any amended complaint must be within 14 days of this order. Plaintiff's motion for injunctive relief (DE 68) is DENIED. The clerk of court is DIRECTED to send plaintiff the form necessary to file his <u>one</u> amended complaint.

SO ORDERED, this the 14th day of April, 2015.

*/s/ Louise W. Flanagan*

LOUISE W. FLANAGAN
United States District Judge